**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas D. Yokois,<br><br>    Petitioner,<br><br>vs.<br><br>David Shinn, Director of the Arizona Department of Corrections; and Mark Brnovich, Attorney General of the State of Arizona,<br><br>    Respondents. | No. CV-18-01312-PHX-DGC (MHB)<br><br>**ORDER** |

       Douglas Yokois is confined in Arizona state prison. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Magistrate Judge Michelle Burns issued a report recommending that the petition be dismissed ("R&R"). Doc. 17. Yokois filed an objection. Doc. 21. For reasons stated below, the Court will accept the R&R and dismiss the petition.

**I.    Background.**

       In September 2017, Yokois was indicted in state court on multiple charges of sexually abusing and exploiting his twelve-year old daughter. Doc. 10-1 at 12-18. He pled guilty to two counts of attempted sexual conduct with a minor and one count of sexual exploitation of a minor. *Id.* at 29-53. He was sentenced to twenty-two years in prison in March 2009. *Id.* at 72-96.

Yokois waived his right to appeal by pleading guilty and did not seek post-conviction relief in state court. He brought this federal habeas proceeding in April 2018, asserting due process violations resulting from ineffective assistance of counsel. Doc. 1. Judge Burns recommends that the petition be dismissed as untimely. Doc. 17.

## II. R&R Standard of Review.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III. The AEDPA's One-Year Limitation Period.

Federal habeas proceedings are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq*. The AEDPA establishes a one-year limitation period for the filing of habeas petitions. 28 U.S.C. § 2244(d); *see Pliler v. Ford*, 542 U.S. 225, 230 (2004). The limitation period generally begins to run when the state conviction becomes final by the expiration or conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A).

Equitable tolling applies where the petitioner shows that "(1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). In addition, an equitable exception to the limitation period applies if the petitioner establishes a fundamental miscarriage of justice through a "credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *see Schlup v. Delo*, 513 U.S. 298, 327 (1995).[1]

---

[1] Statutory tolling is available for the time during which a properly filed petition

## IV. Judge Burns's R&R.

Judge Burns found Yokois's habeas petition untimely under the AEDPA's one-year limitation period because he filed the petition nearly eight years after his conviction became final in June 2009, and he has not established equitable tolling. Doc. 17 at 4-8. Judge Burns noted that Yokois does not explain why he waited so long to file the petition, and nothing in the record suggests that an external force prevented him from timely filing. *Id.* at 5. Judge Burns concluded that Yokois has failed to present evidence of actual innocence to support his miscarriage of justice arguments. *Id.* at 6-8. Judge Burns found Yokois's reliance on *Martinez v. Ryan*, 566 U.S. 1 (2012), misplaced because *Martinez* "recognized a narrow set of circumstances in which the *procedural default* of a claim of ineffective assistance of trial counsel can be excused" and "does not apply to tolling the limitations of § 2244(d)." *Id.* at 6 (emphasis in original; citing *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012)).

## V. Yokois's Objection.

Yokois does not dispute that his petition is untimely. Doc. 21 at 5. He contends that Judge Burns erred in failing to apply the miscarriage of justice exception. *Id.* at 5-6. A miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327. To establish the requisite probability, the petitioner must prove with "new reliable evidence" that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 324, 327. Yokois presents no such evidence. *See id.* at 324 (a gateway claim of actual innocence requires "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial"); *see also McQuiggin*, 569 U.S. at 386 (cautioning that "tenable actual-innocence gateway pleas are rare"); *House v. Bell*, 547

---

for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). As noted, Yokois did not seek post-conviction relief.

U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Yokois contends that "fundamental flaws" and "structural errors" in the state court proceedings provide an alternative basis for the miscarriage of justice exception, but cites no legal authority in support of this contention. Doc. 21 at 6-11. The Supreme Court has recognized only one instance where a miscarriage of justice can excuse an untimely habeas petition: actual innocence. *See Schlup*, 513 U.S. at 327; *McQuiggin*, 569 U.S. at 386. Yokois has failed to make a credible showing of actual innocence.

Yokois notes that he cited *Martinez* to address the possibility that this Court "might make a separate finding that [he] failed to exhaust state remedies and therefor federal habeas relief is unavailable." Doc. 21 at 5. The Court makes no such finding. Judge Burns correctly found that *Martinez* does not excuse Yokois's untimeliness under the AEDPA. Doc. 17 at 6-7.

**IT IS ORDERED:**

1. Judge Burns's R&R (Doc. 17) is **accepted**.
2. Yokois's petition for writ of habeas corpus (Doc. 1) is **dismissed**.
3. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because Yokois has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).
4. The Clerk is directed to enter judgment and **terminate** this action.

Dated this 10th day of February, 2020.

David G. Campbell
Senior United States District Judge